**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**UNITED STATES OF AMERICA**

                  **Plaintiff,**

**-vs-**                                                      **Case No.   CR-3-04-132(3)**

**KARLA  RUIZ, et al**

                  **Defendant.**

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL ( DOC.# 211)**

---

      Pending before the Court is Defendant's Motion for Judgment of Acquittal and New Trial (Doc. #211) filed August 2, 2007.  The Defendant requests an acquittal and/or new trial on Count Three of the indictment charging her with " knowing and willful travel in interstate commerce from the State of California to Springfield, Ohio in the Southern District of Ohio, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving an unlawful conspiracy to possess with intent to distribute a controlled substance..." in violation of Title 18 U.S.C. Section 1952(a)(3).

      The Defendant argues that the jury rendered inconsistent verdicts when it rendered a guilty verdict on Count Three but also returned a not guilty verdict on Count One of the Indictment which charged the Defendant with Conspiracy with and among several other named Defendants to "knowingly, intentionally and unlawfully distribute and possess with intent to distribute in excess of 5 kilograms of cocaine..." between the dates of 1997 and July of 2002, in violation of 21 U.S.C. 841 (a) (1) and (b) (1) (A) and 846.

**Motion for Judgment of Acquittal**

Although the Defendant recognizes that jury verdicts generally need not be consistent and inconsistency is not ordinarily a basis for their subsequent attack, she asserts that it does not absolutely disqualify reversal due to inconsistency. Citing *United States v. McCall* 85 F. 3d 1193 (6th Cir. 1996), the Defendant asserts that verdicts, such as in this case, where she contends the guilty verdict is based on mutually exclusive crimes, can give rise to a sufficiency of evidence challenge. Specifically, Defendant argues that her acquittal on Count One, the conspiracy charge, would exclude the finding of guilty on Count 3, the travel charge, since the conspiracy is one of the essential elements of the travel count. This view has been taken by some courts that view verdicts respecting the several counts of an indictment must be consistent, and that reversal is required where the verdict on the counts as to which the Defendant was convicted cannot be reconciled logically with that on which an acquittal was returned. ( *See, e.g. Speiller v. United States*, (1929) 31 F. 2d 682; *Jackson v. State*, 577 S.E. 2d 570 (Ga.2003); *Perez-Hurtado v. State*, 620 S.E. 2d 435 (Ga. Ct. App.2005); , 850 N.E. 2d 199 (Ill. 2006)) which stated, " ...Legally inconsistent verdicts occur when an essential element of each crime must, by the very nature of the verdicts, have been found to exist and to not exist even though the offenses arise out of the same set of facts..."; and in *People v. Taft*, 668 N.Y.S. 2d 272 (1998), "... Verdict is 'repugnant' where acquittal on one crime, as charged to jury, is conclusive as to a necessary element of the other crime, as charged, for which defendant was found guilty..."

In light of what Defendant characterizes as inconsistent verdicts she insists that a question of sufficiency of evidence to support the conviction in Count 3 is created.  In support, Defendant points out that only one witness, Co-Defendant Eunice Silva, testified as to her alleged involvement in the conspiracy. Defendant characterizes the testimony of Silva as incredible, unbelievable and containing outlandish lies, blatant contradictions and fabricated extrapolations. In conclusion, the Defendant asserts that it should be apparent that in following the Court's instructions the jury did not believe her testimony beyond a reasonable doubt, returning a verdict of not guilty in Count 1, the conspiracy, rendering the guilty verdict in Count 3 inconsistent, illogical and defying reason. Based upon these arguments, Defendant prays the Court reverse the guilty verdict and enter an acquittal on Count 3, pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.

In response, as pointed out by the Government, it is well settled as a matter of law

that inconsistent verdicts are not basis to direct acquittal. *United States v. Powell*, 469 U.S. 57 (1984); *United States v. LeMaster*, 54 F.3d 1224,1233 (6th Cir.1995).   The Court in *Powell* explained , as follows:

> "{I}nconsistent verdicts- even verdicts that acquit on a predicate offense while convicting on the compound offense- should not necessarily be interpreted as a windfall to the government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or  lenity, arrived at an inconsistent conclusion on the lesser offense... Inconsistent verdicts therefore present a situation where 'error,' in the sense that the jury has not followed the court's instruction  most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course." *Powell*, 469 U. S. at 65.

The Court is directed by the Supreme Court in *Powell* to review each count of conviction for sufficiency of the evidence. In this case the Court has conducted such a review on the count of conviction, Count 3. As the Court previously reviewed, the Defendant is adamant as to the lack of credibility of the Government's sole witness, Co-Defendant, Eunice Silva. However, "a defendant claiming insufficiency of the evidence bears a heavy burden" *United States v. Jefferson*, 149 F.3d 444, 445(6th Cir.1998). A verdict must be upheld if there is sufficient evidence, taking the evidence in the light most favorable to the Government, for any rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt *Jackson v. Virginia* 443 U.S. 307, 319 (1979).  The Defendant in challenging the testimony of the Co-Defendant is substituting her judgment in place of the jury. As pointed out by the Government " when reviewing a criminal case for sufficiency of the evidence, the Sixth Circuit will not weigh the evidence, consider the credibility of the witnesses, or substitute their judgment for that of the jury." *United States v. Evans*, 883 F. 2d 496, 501(6th Cir. 1989). The Defendant's Motion for Judgment of Acquittal is Denied.

**Motion for New Trial**

A Motion for New Trial based on a verdict being against the "manifest weight of the evidence" may be granted when the Government has presented significant evidence to convict but the trial judge disagrees with the jury's resolution of the conflicting evidence. *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). When addressing a motion for a new trial based on conflicting evidence, the District Judge may act in the role of a "thirteenth juror" to consider the credibility of witnesses and the weight of the evidence. *United States v. Ashworth*, 836 F. 2d 260, 266 (6th Cir. 1988). The Court must ask "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Coffee,* 434 F.2d 887, 895 (6th Circuit).

The Defendant argues that the Government was unable to prove personal involvement in the distribution and possession with intent to distribute more than five (5) kilograms of cocaine and that it admitted said failure in its closing argument. While it may be true that there may have been insufficient evidence to prove beyond a reasonable doubt that this particular Defendant personally distributed in excess of five (5) kilograms of cocaine or personally possessed with the intent to distribute in excess of five (5) kilograms of cocaine, no such proof is required. In a conspiracy charge such as before the Court, it is not necessary that the Government prove beyond a reasonable doubt that this particular Defendant actually distributed or possessed with the intent to distribute any amount of cocaine.

In Count One, the Government has charged this Defendant with conspiracy to distribute and possession with intent to distribute in excess of five (5) kilograms of cocaine beginning at a date unknown but by at least early 2000 and then continuing until on or about November 18, 2005.

The Government was required to prove that the conspiracy was willfully formed and was in existence from on or about a date unknown but by at least 2000 and continuing until on or about November 8, 2005, that the Defendant knew of and intended to join and participate in the charged conspiracy and that the Defendant conspired in the Southern District of Ohio.

The Government was not required to prove that the Defendant knew everything about the conspiracy, or knew everyone involved or was a member of the conspiracy during the entire time or played a major role in the conspiracy. It is also unnecessary for the Government to prove beyond a

reasonable doubt that this Defendant personally distributed or possessed with the intent to distribute any specific amount of cocaine.

The testimony at trial related to the jury how in 2001, over a period of nine months, a group of individuals were operating a cocaine trafficking business in Springfield, Ohio. There suppliers were based out of California. These suppliers hired numerous individuals to drive cocaine and drug trafficking proceeds between California and several states, including Ohio. Eunice Silva testified that she had been hired as a courier and dealt directly with the organizer of these trips. Silva also testified that this Defendant had herself traveled from California to Springfield, Ohio on at least two occasions including in December 2001.  Others testified that the cocaine was delivered by two hispanic females and that Silva and this Defendant were stopped in a vehicle which was equipped with hidden compartments.

The Court would conclude based upon this evidence presented at trial that any rational trier of fact could conclude and find that a conspiracy did exist as alleged, that Defendant knew of the conspiracy, joined and participated in said conspiracy to distribute or possess with intent to distribute more than five (5) kilograms of cocaine in violation of Title 24 U.S.C. Section 841(a)(1) and (b)(1)(d).

Defendant's Motion for New Trial is not well-founded and, therefore, DENIED.

IT IS SO ORDERED.

January 3, 2008 **s/THOMAS M. ROSE**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　THOMAS M. ROSE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE